IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **XAVIER DELEON-CARBAJAL**, <br><br> Plaintiff, <br><br> v. <br><br> **OREGON DEPARTMENT OF CORRECTIONS** *et al.*, <br><br> Defendants. | Case No. 2:22-cv-00822-IM <br><br> **ORDER OF DISMISSAL** |

**IMMERGUT, District Judge.**

      Plaintiff Xavier Deleon-Carbajal ("Plaintiff"), a self-represented litigant in custody at Deer Ridge Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion to Voluntarily Dismiss Case and Waive Fees (ECF No. 23). The Court grants Plaintiff's Motion, in part, and dismisses this action. However, as explained below, the Court must deny Plaintiff's request to waive his obligation to pay the full filing fee.

      Under 28 U.S.C. § 1915(b)(1):

PAGE 1 – ORDER OF DISMISSAL

> [If] a prisoner brings a civil action or files an appeal in forma pauperis, *the prisoner shall be required to pay the full amount of a filing fee*. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (emphasis added). Subsection (b)(2) further provides that:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

Although 28 U.S.C. § 1915(b)(4) ensures that "in no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee," nothing in the statute provides any authority or mechanism by which the Court may waive the full payment of the filing fee. *See Johnson v. Darr*, Case No. 10cv2334-WQH-POR, 2018 WL 4185424, at *2 (S.D. Cal. Aug. 31, 2018) (noting that nothing in § 1915 grants the Court authority or provides a mechanism by which it may waive full payment of the filing fee or to return any portion of the fee already paid and collecting cases). Furthermore, the Ninth Circuit has determined that, because § 1915(b)'s filing fee requirements are "rationally related" to Congress's legitimate interest in "deterring meritless prisoner filing in the federal courts," the statute does not violate an individual in custody's right to meaningfully access the courts or his right to equal protection. *Taylor v. Delatoore*, 281 F.3d 844, 848–50 (9th Cir. 2002). Because there is no mechanism by which this Court may waive or forgive the filing

PAGE 2 – ORDER OF DISMISSAL

fee obligations Plaintiff incurred when he was granted *in forma pauperis* status as an individual in custody, Plaintiff's request to waive the filing fee must be denied.

## CONCLUSION

The Court GRANTS IN PART Plaintiff's Motion to Voluntarily Dismiss Case and Waive Fees (ECF No. 23), and DISMISSES this action, without prejudice. The Court DENIES Plaintiff's request to waive the filing fee and DENIES AS MOOT any pending motions.

**IT IS SO ORDERED.**

DATED this  31st  day of August, 2022.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER OF DISMISSAL